UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DARNELL JOHNSON,

                Plaintiff,

                v.

CITY OF NEW YORK, N.Y. CITY DEPT. OF
CORRECTIONS and WARDEN – A.M.K.C.,

                Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-4030 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Darnell Johnson, proceeding *pro se* and currently incarcerated at the George R. Vierno Center at Rikers Island,[1] commenced the above-captioned action on July 11, 2018, against Defendants the City of New York (the "City"), the New York City Department of Correction ("DOC"), and the Warden of the Anna M. Kross Center ("AMKC") at Rikers Island (the "Warden"). (Compl., Docket Entry No. 1.) Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants failed to protect Plaintiff from assault and physical injury while incarcerated at AMKC. (*Id.* at 3–4.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

---

[1] *See Inmate Lookup Service*, NYC Department of Correction, http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited Jan. 15, 2020).

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

Plaintiff alleges that on June 11, 2018, while "in the [h]ousing area of AMKC – QU4," he "was assaulted by another detainee who punched [him] in the face in front of a corrections officer that did nothing to stop this assault." (Compl. 5.) Plaintiff alleges that he "sustained severe lacerations to the left cheek area of [his] face and swelling to [his] forehead from hitting [his] head on a metal stool." (*Id.*) Plaintiff seeks money damages. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

 **b. Section 1983 claims**

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

 **i. Claim against DOC**

Plaintiff fails to state a section 1983 claim against DOC because DOC is not a suable entity. *See Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (finding that "claims against DOC were correctly dismissed because, as a city agency, it is not a suable entity" (citing N.Y.C. Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation

3

of any law shall be brought in the name of the city of New York and not in that of an agency, except where otherwise provided by law."))); *Adams v. N.Y.C. Dep't of Corr.*, No. 19-CV-5009, 2019 WL 2544249, at *1 (S.D.N.Y. June 20, 2019) ("Plaintiff's claims against the New York City Department of Correction must be dismissed because city agencies or departments do not have the capacity to be sued under New York law."); *Abraham v. N.Y.C. Police Dep't*, No. 15-CV-5208, 2016 WL 3181125, at *2 (E.D.N.Y. June 3, 2016) ("City agencies, including the . . . DOC, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."). Accordingly, the Court dismisses Plaintiff's claims against DOC for failure to state a claim.

### ii. Claim against the City

Plaintiff fails to state a claim against the City. A municipality like the City of New York can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). A plaintiff can establish an official policy or custom by showing any of the following: (1) "a formal policy which is officially endorsed by the municipality"; (2) "a practice so persistent and widespread that it constitutes a custom . . . of which supervisory authorities must have been aware"; or (3) "a municipal custom [or] policy . . . [that] can be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *see also Matusick*, 757 F.3d at 62; *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

Plaintiff fails to allege any facts to support an inference that the City had an official policy or custom that caused a violation of any federally protected right. Accordingly, the Court dismisses Plaintiff's claims against the City for failure to state a claim.

### iii. Claims against the Warden

Plaintiff fails to state a claim against the Warden because, although named in the caption, Plaintiff does not sufficiently allege that the Warden had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights.

In a civil rights action, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions that are alleged to have caused the constitutional deprivation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))); *Leibovitz v. City of New York*, No. 15-CV-1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015) ("Plaintiff must demonstrate each defendant's direct or personal involvement in the actions which are alleged to have caused the deprivation of plaintiff's constitutional rights."); *Holmes v. Kelly*, No. 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014) ("[I]n a civil rights action for monetary damages, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation."). "A plaintiff must thus allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Liability under section 1983 cannot generally be imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under section 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."); *Hurdle v. Pagnotta*, No. 16-CV-4186, 2016 WL 4186974, at *2 (E.D.N.Y. Aug. 5, 2016).

Plaintiff fails to allege any facts to support a claim against the Warden and there is nothing in the Complaint to suggest that the Warden had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. Accordingly, the Court dismisses Plaintiff's claims against the Warden for failure to state a claim.

   c. **Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff's amended complaint must identify the defendants in both the caption and the body of the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if Plaintiff does not know the name of the individuals involved, he may identify them as John or Jane Doe (e.g. "Correction Officer John Doe" or "Correction Officer Jane Doe"), along with descriptive information and place of employment. Plaintiff must include any and all allegations that he wishes to pursue in his amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

Accordingly, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. If Plaintiff fails to comply with this Order within the time allowed or fails to cure the deficiencies discussed in this Memorandum and Order, judgment shall enter dismissing this action without prejudice. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

Dated: January 16, 2020
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge